UNITED STATES DISTRCT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZACHARY HENDRIX, )<br>)<br>Defendant. ) | Case No. 3:14-cr-00161-1<br><br>Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Defendant Zachary Hendrix ("Defendant") filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] (Dkt. No. 95.) He argues that he should be released due to the coronavirus pandemic and on account of his children. (Dkt. No. 95.) He also filed a supplemental motion for a correction of jail time under 28 U.S.C. § 2241.[2] (Dkt. Nos. 95, 101.) Defendant claims that we granted him pretrial jail credit for time spent in state as well as federal custody. (Supplemental Motion (Dkt. No. 101) at 1.) However, Defendant asserts that the Bureau of Prisons ("BOP") has not applied the credit. (*Id.* at 1–2.) For the reasons stated below, we deny both motions.

---

[1] Defendant did not specify this provision in the letter that he submitted to us, but we believe he is invoking § 3582(c)(1)(A) based on the nature of his claims.

[2] Defendant did not specifically invoke this provision in either his letter or in his lawyer's supplemental motion. However, given the nature of his arguments we construe the motion as brought under 28 U.S.C. § 2241.

# BACKGROUND

## I. Defendant's History

Defendant was arrested on September 19, 2014. (Supplemental Motion at 1.) On September 12, 2016, he pled guilty to possession with intent to distribute crack cocaine and oxycodone, as well as possession of a firearm in furtherance of a drug trafficking offense." (Dkt. No. 84.) We sentenced Defendant to 131 months' imprisonment, followed by five years of supervised release. (Dkt. No. 91 at 3–4.) We also stated that Defendant's sentence should "run concurrent with any sentence imposed by the Montgomery County General Sessions Court, Clarksville, Tennessee, in Docket No. 11414081." (*Id*. at 3.) We further recommended that Defendant receive "[c]redit for time served for this offense, as well as the state charge that parallels this offense." (*Id*.) Defendant was committed in federal prison on May 20, 2019. (Supplemental Motion at Ex. 1, 1.) Defense counsel contends that Defendant's BOP records reflect time served since May 2019 but do not fully credit him for time served in state custody. (Supplemental Motion at 1–2.) BOP records reflect that Defendant's "Total Prior Credit Time" is zero. (*Id*. at Ex. 3, 3.) BOP records also list the "Date Computation Began" as April 1, 2019, slightly more than one month before Defendant was committed to federal custody. (*Id*. at 1–2.) Defendant is currently held in a federal prison in Manchester, Kentucky. (Response (Dkt. No. 98) at Ex. 1.)

## II. Bureau of Prisons COVID-19 Response

The COVID-19 pandemic has been extraordinary and called for increased caution and care. The BOP began planning for its COVID-19 response in January 2020. *A BOP COVID-19 Overview*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited Feb. 25, 2021). The guidance provided best screening practices and

best prevention practices. *Id.* The BOP's plan incorporates guidance and directives from the World Health Organization among other sources. *Id.* The BOP has also been working with the CDC in developing specific solutions to the unique nature of correctional environments. *Id.* Furthermore, the BOP is working with the CDC and the federal government to prepare for vaccine administration once it becomes available. *Id.* The BOP has claimed to limit operations to promote social distancing and safe practices. *BOP Modified Operations*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020). At the time of this writing, FCI Manchester has 9 total confirmed active cases. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 25, 2021). There have been no deaths. *Id.* This is out of 991 total inmates. *FCI Manchester*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/man/ (last visited on Feb. 25, 2021).

## STANDARD OF LAW

### I. Compassionate Release

The relevant section of the federal statute allowing for compassionate release states:

> "[T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction."

18 U.S.C. § 3582(c)(1)(A)(i).

The Sixth Circuit has held that sentence-modification decisions under § 3582(c)(1)(A) "embody a three-step inquiry: district courts must find both that extraordinary and compelling

3

reasons warrant [a sentence] reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission before considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (internal quotation marks omitted). This three-part test controls here. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

## II.     Correction of Jail Time

Before a prisoner files a motion for jail time credit in federal court, he must exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Lian Mang v. USA*, No. 5:20-474-KKC, 2020 WL 8551761, at *1 (E.D. Ky. Dec. 4, 2020). If the prisoner is unsatisfied with the BOP's resolution of his request, he should file a petition under § 2241, which is the correct vehicle for challenges to the execution of a sentence. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."); *Jones v. United States*, 4:15-cr-20438, 2019 WL 2743713, at *2 (E.D. Mich. June 28, 2019).

A § 2241 petition must be filed in the judicial district where the petitioner is confined or where his custodian is located. *See Roman v. Ashcroft*, 340 F.3d 314, 318–19 (6th Cir. 2003); *Jones*, 2019 WL 2743713, at *2.

## ANALYSIS

I. **Motion for Compassionate Release**

   A. **Exhaustion of Administrative Remedies**

   There is no dispute that Defendant has exhausted his administrative remedies as to this claim. Defendant "submitted a request for compassionate release to BOP staff on July 22, 2020," and the request was denied on August 11, 2020, "on the grounds that Hendrix did not meet the criteria for compassionate release." (Response at 1 n.1.) Thus, we can consider Defendant's motion for compassionate release under the three-part test articulated in *Jones*.

   B. **Basis for Relief**

   i. **Extraordinary and Compelling Reasons for Release**

   "The defendant has the burden to show circumstances that meet the test for compassionate release." *Gray v. United States*, No. 15-cr-13, 2020 WL 5545124, at *1 (M.D. Tenn. Sept. 16, 2020) (citing *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)). In this case, we conclude that Defendant has not met this burden.

   Defendant argues that he should be entitled to compassionate release due to the COVID-19 pandemic. (Dkt. No. 95.) He adds that he has family outside of the prison and has successfully completed some self-improvement courses.[3] (*Id*.) However, Defendant does not identify a medical condition that may make him eligible for compassionate release. Instead, Defendant seemingly bases his motion on the fact that the coronavirus pandemic is occurring, he

---

[3] In the request for compassionate release that Defendant submitted to the Warden, he also claims that he would have received a different sentence if he had been sentenced before the "Mathis case." (Response at Ex. 1, 2.) Defendant did not raise this argument in the instant motion, so we do not consider it. However, even if he had raised it here, his argument would fail because he has not articulated how the decision would change his sentence.

has completed self-improvement courses, and that he has children that need him. (*Id.*) The mere presence of COVID-19 does not justify compassionate release. *See United Sates v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); *see also United States v. Dorsey*, No. 15-20336, 2020 WL 3819123, at *4 (E.D. Mich. July 8, 2020). Further, Defendant is only 33 years old, and there is nothing in the record that indicates that he would be especially likely to suffer serious health consequences if he were to contract COVID-19. While it is unavoidable that some inmates become sick, there is no evidence offered here that there is particular harm in being imprisoned in Manchester, Kentucky due to COVID-19. There are only 9 active cases of COVID-19 in the facility at present. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 25, 2021).

Moreover, although admirable and important that Defendant is taking self-improvement classes and would like to take care of his children, these generally are not extraordinary and compelling reasons for compassionate release. *See United States v. Corley*, No. 3:13-cr-00097-9, 2021 WL 11940, at *1 (M.D. Tenn. Jan. 13, 2021) (noting that extraordinary and compelling circumstances require that the defendant is the only available caregiver); *United States v. McKenzie*, No. 2:19-CR-00016-5-JRG-CRW, 2020 WL 3621231, at *2 (E.D. Tenn. July 2, 2020) (noting that the defendant's rehabilitation cannot by itself justify compassionate release). Because Defendant has failed to provide extraordinary and compelling reasons for compassionate release, his request must be denied as a matter of law.

### ii. Applicable Policy Statements

The parties do not provide a relevant policy statement that counsels in favor of a different result.[4]

### iii. § 3553(a) factors

Since Defendant has not demonstrated an extraordinary and compelling reason for compassionate release, we need not evaluate Defendant's motion in light of 18 U.S.C. § 3553(a)'s factors. However, even if he had been able to show extraordinary and compelling reasons for compassionate release, his motion would still merit denial because the § 3553(a) factors weigh against release. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range . . . (5) any pertinent policy statement issued by the Sentencing Commission . . . (6) the need to avoid unwarranted sentencing disparities among defendants with similar records and who have been found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense.

18 U.S.C. § 3553(a).

We considered the § 3553(a) factors when we sentenced Defendant in 2017 (Dkt. No. 96 at 14), and the same factors that led us to impose that sentence counsel against granting the instant motion. Chief among our concerns are Defendant's extensive criminal background, history of drug dependency, and potential threat to the community. (Dkt. No. 96 at 9–14.)

---

[4] In the past, courts in this circuit have considered the policy statement set forth in § 1B1.13 to understand which circumstances amount to "extraordinary and compelling" reasons for compassionate release. *See, e.g.*, *Gray*, 2020 WL 5545124, at *1–2. However, the 6th Circuit recently concluded that such analysis is not necessary in cases such as ours: "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define "extraordinary and compelling" without consulting the policy statement § 1B1.13. *Jones*, 980 F.3d at 1111. Thus, we will not consider the policy statement here.

Defendant has had a long life of criminal activity and has sustained multiple felony convictions. (*Id*.; Response at 13.) When Defendant was arrested, the police recovered a weapon, ammunition, crack cocaine, and oxycodone. (Response at 13.)

Moreover, according to BOP records, Defendant has served just under 23 months of his 131 months sentence.[5] (Supplemental Motion at Ex. 3, 3.) This is roughly 18% of his sentence. Even if Defendant were to receive credit for time in custody dating back to fall 2014, as he contends he should,[6] he would have served less than 60% of his sentence. (*Id*.) The fact that a significant amount of time remains on Defendant's sentence weighs against granting his motion. *See United States v. Kincaid*, 805 F. App'x 394, 395-96 (6th Cir. 2020) (holding that it is appropriate for district courts to consider the percentage of the overall sentence left to be served when addressing compassionate release motions); *United States v. Merriweather*, No.3:15-cr-00184-2, 2021 WL 195371 at *8 (M.D. Tenn. Jan. 20, 2021) (denying compassionate release on the grounds that the Defendant had not served most of his sentence, and that created a disparity between him and others who have been found guilty of a similar crime). Thus, the motion for compassionate release is denied.

## II. Motion for Correction of Jail Time

### A. Jurisdiction and Venue

We construe Defendant's request for correction of jail time as a 28 U.S.C. § 2241 petition because he is challenging the execution of his sentence. *See Jalili*, 925 F.2d at 893; *Jones*, 2019

---

[5] The records attached to the Supplemental Motion appear to have been generated on June 19, 2020. (*See* Supplemental Motion at Ex. 3.) According to those records, Defendant had served 1 year, 2 months, and 19 days of his sentence as of that date. (*Id*. at 3.) That calculation is consistent with an April 1, 2019 start date. Accordingly, we used the April 1, 2019 start date to generate an updated figure.

[6] (*See* Supplemental Motion at 1.)

WL 2743713, at *2 (E.D. Mich. June 28, 2019). Such petitions must be filed in the judicial district where the defendant is confined under the immediate custodian rule. *See Roman*, 340 F.3d at 318–19; *Jones*, 2019 WL 2743713, at *2. Defendant is incarcerated in Manchester, Kentucky, so he should have filed his petition in the Eastern District of Kentucky. Since the petition was not filed in the proper venue, we do not have jurisdiction to grant Defendant the relief that he seeks. *See Roman*, 340 F.3d at 318–19.

### B. Exhaustion of Administrative Remedies

Even if this were the correct venue to file this claim, Defendant's claim would still be subject to dismissal because Defendant has not shown that he has exhausted all of his administrative remedies. Exhaustion of administrative remedies is a prerequisite to seeking judicial review of the BOP's calculation of sentencing credit. *See United States v. Wilson*, 503 U.S. 329, 335 112 S. Ct. 1351, 1355 (1992); *Luedtke*, 704 F.3d at 466. The record shows no evidence that Defendant has undergone any efforts to remedy his sentence through the proper administrative channels. Because Defendant has not exhausted his administrative remedies, the motion is denied.

### CONCLUSION

We deny both the motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the motion for a correction of jail time under 28 U.S.C. § 2241. Defendant may refile his motion for a correction of jail time in the proper venue once he has exhausted his administrative remedies. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: March 1, 2021